[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11396
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14037-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL DELMAS FULLER,
a.k.a. Dale Fuller,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 6, 2012)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Carl Fuller appeals his sentence of 60 months of imprisonment following his

plea of guilty to mail fraud.  18 U.S.C. § 1341.  Fuller challenges the enhancement

of his sentence for using sophisticated means and the reasonableness of his sentence.  We affirm.

The district court did not clearly err by enhancing Fuller's sentence for using sophisticated means to conceal his fraud.  The Sentencing Guidelines provide for a two-level enhancement if the offense in question "involved sophisticated means," which the commentary defines as "especially intricate offense conduct pertaining to the execution or concealment of the offense" and concealing wrongdoing through "fictitious entities [and] corporate shells."  United States Sentencing Guidelines Manual § 2B1.1(b)(10)(C) & cmt. n.8(B) (Nov. 2011).  Fuller used a shell corporation and a fake identity to collect almost $3 million in premiums ostensibly to provide worker's compensation insurance for employees of National Employer Services.  After Fuller deposited the premium payments into a company bank account, he funneled most of the money into accounts that he, his wife, or a friend controlled.  To conceal his fraud, Fuller issued to National Employer Services certificates purporting to be proof of insurance and paid $437,852 in worker's compensation claims.

The district court also did not abuse its discretion by imposing a sentence within the advisory guidelines range.  Fuller defrauded a corporation, stole millions of dollars, and deprived employees of insurance coverage required by law to fund a

2

luxurious lifestyle for himself.  In turn, National Employer Services was forced to terminate employees and reduce the salaries of its remaining workers.  Later, Fuller made false statements to authorities about his involvement in and income derived from his fraud.  In the light of the seriousness and extent of Fuller's fraud, the district court reasonably determined that a sentence of 60 months of imprisonment would best serve the statutory purposes for sentencing.  18 U.S.C. § 3553(a).  Fuller's sentence is reasonable.

We **AFFIRM** Fuller's sentence.